FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUN 2 5 2004

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

CLERK

vs.

AARON R. PEREZ,

Defendant/Petitioner.

Civil No.03-187 JP /RHS
Crim. No. 00-931 JP

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

1. This matter comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. §2255, filed February 6, 2003. [Doc. No. 1]. Petitioner Aaron Perez is presently incarcerated and is represented by retained counsel.

2. Petitioner was convicted after a jury trial of a violation of 21 U.S.C § 841(b)(1)(B), distribution of more than five grams of cocaine base. He was sentenced to a term of 121 months incarceration. Perez appealed his conviction and sentence to the Tenth Circuit Court of Appeals, arguing that his trial counsel was ineffective, that the evidence was insufficient to support his conviction and that the trial judge erred when he imposed a two-level obstruction of justice enhancement for Perez giving false testimony at trial. In an unpublished opinion filed August 26, 2002, the Appeals Court panel dismissed Petitioner's ineffective assistance of counsel claim without prejudice and rejected his other two arguments, affirming his conviction and sentence. The §2255 motion presently before this Court reasserts the ineffective assistance of counsel



1

claim.

3. Albuquerque Police Detective Jay Rajaee testified at Petitioner's trial that, on December 30, 1999, acting in an undercover capacity as a crack cocaine buyer, he purchased and received more than 40 grams of crack cocaine from Marcos Acosta (Acosta) who was supplied with the drug by Perez. Tr. 83-86, 97-100. Acosta and Perez were both arrested at the scene of the transaction.

4. On July 2, 2000, a federal grand jury returned an indictment against Acosta and Perez, charging them with distribution of more than five grams of cocaine base in connection with the December 30, 1999 incident. On July 2, 2001, Marcos Acosta pled guilty to that charge. On July 17, 2001, following a two-day jury trial, Perez was found guilty of the same offense.

5. Evidence was presented at trial which showed that during the afternoon of December 30, 1999, three calls were made from the Acosta home and one call from a pay phone to Perez's cell phone. Petitioner alleges that his trial counsel's failure to interview Marcos Acosta and his brother, Francisco Acosta, and to call them as defense witnesses amounted to constitutionally deficient performance which prevented Perez from getting a fair trial. Perez claims that it was actually Francisco Acosta, not his brother Marcos, who called Perez's cell phone from the Acosta home and that the calls were regarding their plans for New Years Eve, not a drug transaction. Petitioner alleges that Marcos Acosta would have testified that Perez was not directly or indirectly involved in the drug transaction.

6. To prevail on a claim of ineffective assistance of counsel, Petitioner must satisfy the two-prong test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). To meet the first prong, Petitioner must establish that his counsel's performance "fell below an objective standard

2

of reasonableness." Id. at 688. The second prong of the Strickland test requires Petitioner to show that his counsel's deficient performance prejudiced his defense. Id. at 692. 6. An ineffective assistance of counsel claim fails if either of the Strickland prongs are not met.

7. Perez contends that his trial counsel's failure to interview Mario and Francisco Acosta and call them as witnesses was objectively unreasonable, see e.g., Clayton v. Gibson, 199 F. 3d 1162, 1177 (10th Cir. 1999), cert. denied, 121 S. Ct. 100 (2000). Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Hickman v. Spears, 160 F.3d 1269, 1273 (10th Cir. 1998) (quoting Strickland, 466 U.S. at 689); see also Duvall v. Reynolds, 139 F.3d 768, 777 (10th Cir. 1998). When analyzing the performance of Petitioner's counsel, this Court will focus on "not what is prudent or appropriate, but only what is constitutionally compelled." United States v. Cronic, 466 U.S. 648, 665 n.38 (1984). Additionally, Petitioner's claim of ineffective assistance of counsel will be viewed "from the perspective of his counsel at the time he rendered his legal services, not in hindsight." Hickman, 160 F.3d at 1273; accord, Strickland, 466 U.S. at 689.

8. A particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments. Strickland, 466 U. S. at 690-91. Counsel has a duty to make reasonable investigations and decisions which deem particular investigations unnecessary. Id. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland, 466 U. S. at 690.

3

9. Whether to call a particular witness is a tactical decision and, thus, a matter of discretion for trial counsel. Minner v. Kerby, 30 F.3d 3111, 1317 (10th Cir. 1994); United States v. Glick, 710 F. 2d 639, 644 (10th Cir. 1983); United States v. Miller, 643 F. 2d 713, 714 (10th Cir. 1981). A petition for habeas corpus relief based on counsel's failure to call witnesses should present this evidence in the form of an affidavit from the witness. See United States v. Ashimi, 932 F. 2d 643, 650 (7th Cir. 1991) A petitioners general assertion as to an uncalled witness' potential testimony, without more, is speculative, and fails to support a finding of ineffective assistance. See United States v. Muehlbauer, 892 F. 2d 664, 669 (7th Cir. 1990)

10. Perez fails to demonstrate what additional investigation into his alleged alibi might have revealed. Although he argues that the testimony of the Acosta brothers would have presented the only defense available, he did not supply affidavits or point to anything else in the record to show what direction Marcos or Francisco Acosta's testimony would have taken had they been called. His bald assertion that these witnesses would have exonerated him had they been allowed to testify does not support a claim of ineffective assistance. To the contrary, testimony from Mario Acosta (who had already pled guilty to distribution of cocaine in connection with the same incident but had not yet been sentenced) could well have supported the government's case against Petitioner.

11. Perez contends his trial counsel failed to provide any theory to combat the prosecution's case because he failed to call Marcos and Francisco Acosta as witnesses. However, after carefully reading the entire transcript of the trial, it is clear to the Court that Petitioner's trial counsel repeatedly argued that there was insufficient evidence to convict him of the crime. His theory, which would presumably be unchanged whether or not the Acosta brothers supported

4

Perez's testimony, was that Petitioner's presence at the scene and the cell phone call he received from the pay phone used by Marcos Acosta were coincidences unrelated to the drug transaction. Defense counsel competently cross-examined all of the government's witnesses during the presentation of the prosecution's case. Tr. at 104-143,164-176, 182-183,198-203. Trial counsel also called Perez to testify on his own behalf. Tr. at 211-237.

12. This Court disagrees with Petitioner's contention that the government's case against him was "focused almost entirely on telephone records." On direct appeal, The Tenth Circuit noted that "[t]he jury was presented with evidence that Perez met Acosta and Rayjee at the ditch bank, that Perez handed Acosta a bag containing crack, that Acosta gave Rayjee the bag in exchange for over nine hundred dollars, that when police arrived Perez fled, and that cocaine residue and plastic baggies were found in the Perez home." United States v Perez, No. 02-2023, 2002 WL 1965341 at 2 (10th Cir. August 26, 2002).

13. Even if Franscisco Acosta had testified that he, not Marcos Acosta, had called Perez from the Acosta home that afternoon, the jury would not have been provided with significant new information. Such testimony would not alter the evidence that Perez's cell phone received a call from a telephone booth at the time Detective Rajaee testified that he saw Marcos Acosta making a telephone call from that number to finalize the arrangements for the drug transaction. Tr. at 93-94, 194.

14. There is no indication that either Acosta brother would have testified that Perez was not part of the crack cocaine transaction. It is apparent that counsel's decision not to call the Acosta brothers was a matter of trial strategy rather than inadvertent oversight or deficient performance. For counsel's actions to rise to the level of constitutional ineffectiveness, his

strategic decisions must have been completely unreasonable, not merely wrong. Moore v.Gibson, 195 F. 3d 1152, 1178 (10th Cir.1999), cert. denied, 120 S. Ct. 2206 (2000); see also Hawkins v.Hannigan, 185 F. 3d 1146, 1152, (10th Cir. 1999). In light of the substantial evidence of Petitioner's guilt, trial counsel's decision not to undertake additional investigation into the Acosta brothers as potential witnesses did not fall below an objective standard of reasonableness. See Strickland, 466 U. S. at 687.

15. Furthermore, Petitioner has failed to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. When weighed against the substantial evidence against the Petitioner, it is clear that additional investigation of his theoretical alibi (that he actually spoke to Marcos Acosta's brother Franciso rather than Marcos Acosta earlier in the afternoon) and potential witnesses would not have changed the outcome of the trial. Petitioner's assumption that the results of the trial would have been different had such an investigation been done is not supported by the record. Petitioner has therefore failed to demonstrate prejudice.

16. Perez contends that he should be granted an evidentiary hearing on his ineffective assistance of counsel claim. A petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction. McDonald v.Johnson, 139 F. 3d 1056, 1060 (5th Cir. 1998), quoting Young v. Herring, 938 F. 2d 543, 560 n. 12 (5th Cir. 1991), cert. denied, 503 U. S. 940 (1992). Because it is possible to resolve the issues raised by Petitioner on the pleadings and the record establishes that Petitioner is not entitled to relief, this Court recommend's that Petitioners request for an evidentiary hearing be denied.

**Conclusion**

6

Petitioner has not presented any facts that show either that his attorney's decision not to interview or call the Acosta brothers as defense witnesses fell outside the range of reasonable professional assistance or that his attorney's alleged deficient performance prejudiced his defense. Petitioner's claim affords no basis for habeas relief.

### Recommendation

IT IS HEREBY RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255 [Doc. No. 1] be DENIED and that this cause be DISMISSED WITH PREJUDICE in its entirety.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*Robert H. Scott    6-24-04*

ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE